United States District Court
Southern District of Texas
**ENTERED**
October 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| CHARLOTTE ELIZABETH MITCHELL, | § | |
| Plaintiff. | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00330 |
| GALVESTON HOUSING AUTHORITY, | § | |
| Defendant. | § | |

# MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiff Charlotte Mitchell's Motion for Temporary and Preliminary Injunctive Relief to Preserve Housing Choice Voucher Payments Pending Judicial Review. Dkt. 9. To date, Mitchell has not requested a summons for the Defendant, Galveston Housing Authority ("GHA"). Moreover, Mitchell claims that she "has not been able to obtain a substantive conference with GHA concerning the relief requested in [her] motion." *Id.* at 4. Despite GHA's absence, Mitchell requests that the court enter an order:

> (1) directing GHA to continue the Housing Choice Voucher/Section 8 housing assistance payments associated with [Mitchell]'s voucher and assisted tenancy; (2) prohibiting GHA from terminating, suspending, stopping, or withholding those payments based upon the challenged administrative determination while this case is pending, except as otherwise authorized by further order of this Court; (3) preserving the status quo until the Court has ruled on [Mitchell]'s claims or otherwise directs; (4) setting an expedited hearing on [Mitchell]'s request for preliminary injunctive relief; and (5) granting such other and further relief as the Court deems just and proper.

*Id.* at 2.

Under Federal Rule of Civil Procedure 65(b)(1):

> [A] court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Regarding the first of these requirements, the court must consider if there is:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Evans v. Garza*, 161 F.4th 315, 320 (5th Cir. 2025) (quotation omitted). In considering these factors, I am mindful of the United States Supreme Court's admonition that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Accordingly, I will read Mitchell's complaint liberally when addressing the merits.

At the outset, the basis for this court's jurisdiction is not clear from Mitchell's complaint. Even so, I construe Mitchell's complaint as asserting a claim under 42 U.S.C. § 1983 for the procedural deprivation of her property rights in her Section 8 voucher payments without due process. *See, e.g.*, *James v. Dallas Hous. Auth.*, 526 F. App'x. 388, 394 (5th Cir. 2013) (addressing the viability of a § 1983 claim against a housing authority); *Nozzi v. Hous. Auth. of City of L.A.*, 806 F.3d 1178, 1191 (9th Cir. 2015) (recognizing "a property interest in Section 8 benefits to which the procedural protections of the due process clause apply"), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 2016).

"The [G]HA, as a municipality, is a 'person' subject to suit under § 1983." *James*, 526 F. App'x. at 394. But "municipal liability under [§] 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v.*

*City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). At present, Mitchell does not allege or identify a policymaker or an official policy whose moving force was the cause of the alleged violation of Mitchell's constitutional right to procedural due process. Thus, Mitchell is unlikely to succeed on the merits. *See James*, 526 F. App'x at 395 (affirming summary judgment for the housing authority where the plaintiff failed to identify an official policymaker or an official policy attributable to the housing authority).

It is also not clear that Mitchell faces a substantial threat of irreparable injury. "There can be no irreparable injury where money damages would adequately compensate a plaintiff." *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990). Mitchell claims that she "faces immediate and potentially irreparable harm, including the loss of housing assistance and the risk of eviction or displacement." Dkt. 9 at 1. But Mitchell "has not argued, let alone demonstrated, that this case presents any special circumstances that would make an award of money damages—should she ultimately prevail—inadequate." *Matthew v. Hous. Auth. of New Orleans*, No. CIV.A. 15-1770, 2015 WL 4716059, at *2 (E.D. La. Aug. 7, 2015); *see also Nogess v. Hous. Auth. of Jefferson Par.*, No. cv 19-13147, 2019 WL 5634198, at *6 (E.D. La. Oct. 31, 2019) (denying injunctive relief where the plaintiff had "not demonstrated that she has been or would be unable to secure decent housing in the absence of the Section 8 housing subsidy"). Because there is no indication, on the present record, that Mitchell is likely to succeed on the merits of her claim, her motion should be denied.

Mitchell's motion should also be denied because Mitchell has not certified in writing any efforts made to give proper notice to GHA through its legal representative or counsel. The only person that Mitchell appears to have communicated with at GHA is a "secretary, Mr. Jeff," and Mitchell does not even state that she discussed the instant motion with this individual. Dkt. 9 at 1. Mitchell states that "GHA has advised [her] that [her] Section 8 housing assistance

payments will stop effective October 31, 2026." *Id.* at 3. That is more than three weeks from now. There is still time to give notice to GHA, yet Mitchell has not even requested a summons for GHA as I ordered her to do on October 1, 2026. *See* Dkt. 8. Because Mitchell "does not certify in writing any efforts made to give notice to [GHA] or articulate why notice should not be required," she "has not satisfied both requirements for the issuance of an ex parte temporary restraining order under Rule 65(b)(1)." *Moses v. Sylvia*, No. 3:25-cv-00346, 2025 WL 3078709, at *2 (S.D. Tex. Nov. 4, 2025). Accordingly, I recommend that Mitchell's motion be denied without prejudice.

Mitchell may refile her motion once she has complied with both of Rule 65(b)(1)'s requirements.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 9th day of October 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE