United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLOTTE ELIZABETH MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:26-cv-330 |
| | § | |
| GALVESTON HOUSING AUTHORITY (GHA), | § | |
| | § | |
| Defendant. | § | |

# ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On September 30, 2026, the court referred all pretrial matters to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 6. Judge Edison filed a memorandum and recommendation on October 9, 2026, recommending that the court deny Mitchell's motion for temporary and preliminary injunctive relief to preserve housing choice voucher payments pending judicial review (Dkt. 9). Dkt. 11.

On October 20, 2026, Charlotte Elizabeth Mitchell filed her objections to the memorandum and recommendation. Dkt. 12. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has

been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections, the memorandum and recommendation, the pleadings, and the record. The court will address each objection in turn.

First, Mitchell "specifically objects to the finding that she failed to make or certify efforts to give notice to Galveston Housing Authority ('GHA')." Dkt. 12 at 1. Mitchell's motion describes her attempts to confer with Hearing Officer Savannah Robinson and an individual named "Mr. Jeff" regarding her request for rehearing. Dkt. 9 at 1. The motion does not, however, detail any attempts to confer with the defendant's *legal representative* regarding Mitchell's request for injunctive relief. *See id.* Mitchell "certifies that she has sent copies of her filed motions/court papers to GHA and has made repeated attempts to communicate with GHA . . . [and] requests that the Court consider this written certification together with any supporting mailing records, receipts, correspondence, or other proof [she] submits." Dkt. 12 at 1. But Mitchell did not include the certificate of service required by Local Rule 5.3 with her motion for injunctive relief. Even now as Mitchell insists that she has notified the defendant, she has not informed this

court to whom, when, or how she made such notifications, nor has she provided proof of such notifications. Accordingly, "because [she] has not certified in writing any efforts made to give proper notice to GHA through its legal representative or counsel," Dkt. 11 at 3, the court overrules Mitchell's objection to Judge Edison's recommendation.

Second, Mitchell "objects because the present record does not fully reflect the circumstances surrounding the informal hearing and her subsequent request for a rehearing." Dkt. 12 at 2. The court can only consider the record before it. If Mitchell wants the court to consider a different record, she must make one by supplementing the record or amending her complaint, which she is free to do at will because she has yet to serve the defendant. *See* Fed. R. Civ. P. 15(a)(1).

Third, Mitchell "objects to the conclusion . . . that she is unlikely to succeed [on the merits] merely because her original pro se papers did not adequately identify a policymaker or official policy." Dkt. 12 at 2. But the court agrees with Judge Edison's "constru[ction] of Mitchell's complaint as asserting a claim under 42 U.S.C. § 1983" and his analysis that Mitchell's failure to "allege or identify a policymaker or an official policy" means she is unlikely to succeed on the merits. Dkt. 11 at 2–3.

Finally, Mitchell "objects to the conclusion that the threatened harm is adequately addressed by money damages." Dkt. 12 at 2. Mitchell contends that money damages "would not . . . prevent an eviction or displacement that has already occurred, or undo the resulting instability." *Id.* Mitchell's point is well taken, and the court will certainly consider this argument if Mitchell amends her complaint or files another motion for injunctive relief. But the other deficiencies with Mitchell's motion—the failure to (1) certify in writing efforts made to give notice to the defendant through its legal representative and (2) plead municipal liability—mean that Judge Edison was correct to deny Mitchell's requested relief. Accordingly, the court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

Mitchell is free to amend her complaint, to supplement the record, and to file another motion for injunctive relief at any time, assuming that she can satisfy all of Rule 65's requirements. To satisfy those requirements, however, Mitchell must detail the who, when, and how of her attempts to communicate with the defendant's *legal representative*—not "Hearing Officer Savannah Robinson" or "Mr. Jeff." Additionally, to have any likelihood of prevailing on the merits of her § 1983 claim against GHA, Mitchell must identify an official

policymaker, an official policy, and a violation of her constitutional rights whose moving force is the policy or custom.

Accordingly, the court orders:

(1) Judge Edison's memorandum and recommendation (Dkt. 11) is approved and adopted in its entirety as the holding of the court; and

(2) Mitchell's motion for temporary and preliminary injunctive relief to preserve housing choice voucher payments pending judicial review (Dkt. 9) is denied without prejudice to refiling.

Signed on Galveston Island this 21st day of October, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE